**167 So. 179**

**WEIXEL & JANSSEN, Inc., et al. v. CITY OF NEW ORLEANS.**

**No. 33664.**

Feb. 3, 1936.

Rehearing Denied March 30, 1936.

Titche & Titche and Robert E. Friedman, all of New Orleans, for appellants.

E. M. Robbert, City Atty., and Henry B. Curtis, Asst. City Atty., both of New Orleans, for appellee.

Gaston L. Porterie, Atty. Gen., G. M. Wallace, Asst. Atty. Gen., and J. C. Daspit, F. A. Blanche, and E. L. Richardson, Sp. Assts. to Atty. Gen., for State Supervisor of Public Accounts, amicus curiæ.

BRUNOT, Justice.

The plaintiff alleged the unconstitutionality of Ordinance No. 14,241, C.C.S., of the city of New Orleans, and prays for an injunction restraining the enforcement of the provisions of said ordinance. Issue was properly joined, the case was heard, and, from a judgment dismissing the suit, at their cost, plaintiffs appealed.

Pursuant to the authority conferred upon the city of New Orleans by Act No. 180 of the Regular Session of the Legislature of Louisiana of 1924, which act was submitted to the voters of the state at the general election held on the 4th day of November, 1924, and adopted by the electorate of the state as a constitutional amendment, the commission council of the city of New Orleans, on April 2, 1934, adopted Ordinance No. 14,096, C.C.S.

This ordinance provided for the annual levy, beginning in 1934, of the following tax:

"A tax of one (1¢) cent per gallon on all kerosene *or other explosives used for the generation of motive power, such as fuel oil, distillates, gas oil, crude oil, naphtha and other derivatives of crude oil* sold or purchased for consumption in the Parish of Orleans." (Italics by the court.)

On March 14, 1935, Ordinance No. 14,-096, C.C.S., was amended by the adoption of Ordinance No. 14,241, C.C.S. The amending ordinance merely struck from Ordinance No. 14,096 the words italicized supra, to wit:

"Or other explosives used for the generation of motive power, such as fuel oil, distillates, gas oil, crude oil, naphtha and other derivatives of crude oil."

It is apparent that Ordinance No. 14,096 taxes kerosene *that was used for* the generation of motive power only, while the city attorney interprets the amending ordinance as taxing all kerosene sold or purchased for consumption in the parish of Orleans. The city attorney's contentions are similar to those urged by the respondent in the case of Miss Alice Lee Grosjean, Supervisor of Public Accounts, v. Standard Oil Company of Louisiana, 184 La. 45, 165 So. 325, 326. In that case the court said:

"The respondent's second contention is that Act No. 15 of the First Extra Session of 1934 dedicates the tax levied by it to the stamping out of tuberculosis in the state, while section 22 of article 6 of the Constitution, as amended, dedicates all taxes levied on kerosene to the highway fund. The defendant has fallen into error. The constitutional provision relied upon reads as follows:

" 'On all kerosene or other explosives used in the generation of motive power, the Legislature may impose a tax to be collected as may be prescribed by law.' "

This provision of the Constitution limits the taxing power of the Legislature to the levying of a tax on kerosene or other explosives when used for the generation of motive power. When the taxing power of the Legislature is thus limited by the Constitution, it is idle to contend that a municipality, which derives all of its powers from the Legislature, may tax kerosene beyond the quoted constitutional limitation.

This conclusion disposes of the case.

We find no ambiguity in Ordinance No. 14,241, C.C.S., of the city of New Orleans, but, if we are in error, the ordinance cannot be interpreted as authorizing the city to levy any tax on kerosene, for the purposes enumerated in said ordinance, other than the tax which is authorized by the Constitution.

For the reasons stated, the judgment appealed from is avoided and reversed, and the injunction, as prayed for in appellant's petition, is granted, at appellee's cost.

FOURNET, J., takes no part.

O'NIELL, C. J., dissents and hands down reasons.

O'NIELL, Chief Justice (dissenting).

As I understand, the decree rendered in this case does not declare that Ordinance No. 14,241, C.C.S., is unconstitutional, but merely interprets the ordinance as levying the tax upon such kerosene only as is actually "used for the generation of motive power." The ruling is that the city of New Orleans is not authorized, by paragraph (b) of section 24.1 of article 14 of the Constitution, as amended pursuant to Act No. 180 of 1924, to levy the kerosene tax upon "all kerosene" sold in New Orleans, but is authorized to levy the tax upon only such kerosene as is to be "used for the generation of motive power." Under that interpretation the authority to levy the tax on kerosene sold in New Orleans amounts to nothing, for two reasons, viz.: First, because, according to the statement of facts on which this case was submitted, so little of the kerosene that is sold in New Orleans is used for the generation of motive power that a tax on only that portion of the kerosene sold in New Orleans would not be worth while levying or collecting; and, second, because it is impossible for the seller of kerosene to know what it is going to be used for.

The constitutional amendment authorizing the city to levy the tax on kerosene is in these words:

"(b) On all kerosene, or other explosives used for the generation of motive power, the City of New Orleans may from and after January 1st, 1925, impose a tax to be collected as provided by law for the collection of the State tax on gasoline or other motor fuel sold in the State of Louisiana for domestic consumption or as the Legislature may hereafter prescribe."

The phraseology, and the punctuation, thus: "On all kerosene, or other explosives used for the generation of motive power," etc., means simply this, that kerosene being one of the explosives used for the generation of motive power, should be taxed, along with "other explosives used for the generation of motive power," to contribute to the special paving fund, provided for in section 24.1 of article 14 of the Constitution. In other words, the expression "or other explosives used for the generation of motive power" merely describes kerosene as being one of the explosives used for the generation of motive power. And the expression "used for the generation of motive power" means "usable" or "which can be used." It does not mean "actually used."

As I have said, it would be impossible to collect the tax if it were levied upon only such kerosene or other explosive as has been, or is to be, actually used for the generation of motive power.

I respectfully submit that, if the court adheres to the declaration made in the case of Alice Lee Grosjean, Supervisor of Public Accounts, v. Standard Oil Co. (La.Sup.) 165 So. 325, 326,[1] to the effect that the kerosene tax authorized by the Constitution, and dedicated to the highway fund, can be levied only upon kerosene that is actually used for the generation of motive power, and that the kerosene tax levied by Act No. 15 of the First Extra Session of 1934, for the stamping out of tuberculosis, is levied only upon kerosene that is "used, or intended, for domestic consumption," it will be difficult, if not impossible, to collect or segregate these taxes on kerosene. My impression is that the expression in the statute "for domestic consumption" does not mean for household consumption, but means that no attempt shall be made to levy or collect the tax on interstate or foreign shipments. What was said on that subject in the case of Alice Lee Grosjean, Supervisor of Public Accounts, v. Standard Oil Company is not controlling in this case, and should not prevail.

With great respect I submit that, in this case, the court has misconstrued the language, "On all kerosene, or other explosives used for the generation of motive power." The language does not mean "on all kerosene * * * used for the generation of motive power, or other explosives used for the generation of motive power." It means "on all kerosene," or on any other explosive that may be used for the generation of motive power. The punctuation leaves no doubt about that, in my mind, and leaves no reason for treating the expression "or other explosives" as a parenthetical expression, so as to make the clause read: "On all kerosene * * * used for the generation of motive power."

On Application for Rehearing.

PER CURIAM.

Appearing herein as amicus curiæ, the Attorney General of the state has joined the defendant which has applied for a rehearing of this case for the purpose of having an error in the opinion corrected.

The author of the opinion inadvertently overlooked the fact that section 22 of article 6 of the Constitution of 1921 was amended by the adoption on November 6, 1934, of Act No. 2 of 1934.

Prior to the adoption of that act, the power of the Legislature to tax kerosene was limited to the levying of a tax on kerosene when used for the generation of motive power; the amending act removed that limitation; and, since its adoption, the Legislature may levy a tax on all kerosene in this state irrespective of the purpose for which it may be used. It was this power of taxation that the Legislature enjoyed prior to the amendment of section 22 of article 6 of the Constitution that it delegated to the city of New Orleans.

---

[1] 184 La. 45.

The error complained of in the application for a rehearing has no effect upon the correctness of the decision of the case, and we do not consider it necessary to grant a rehearing for the purpose of correcting it. The application for rehearing is refused.

O'NIELL, C. J., absent.